IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ronald Smith, | ) | Case No.: 8:18-cv-2841-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden of Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 25) recommending that Respondent's motion for summary judgment (Dkt. No. 19) be granted and Petitioner's petition be dismissed. For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Respondent's motion for summary judgment.

## I.   Background

On September 14, 2011, Petitioner Ronald Smith pled guilty to murder and, the same day, was sentenced to 31 years' imprisonment with credit for time served. (Dkt. No. 1 at 1; 18-1 at 227.) Petitioner ultimately filed a direct appeal, which was dismissed on November 23, 2011, and a remittitur issued returning the case on December 14, 2011. (Dkt. No. 18-3.) On June 26, 2012, Petitioner filed an application for post-conviction relief ("PCR") in state court. (Dkt. No. 18-1 at 148.) The PCR court ultimately denied his application in an order dated January 30, 2015. (*Id.* at 224.) Represented by counsel, Petitioner appealed the order (Dkt. No. 18-5) and filed a petition for a writ of certiorari. (Dkt. No. 18-6.) The petition was referred to the South Carolina Court of Appeals, which denied certiorari on November 21, 2017 and issued a remittitur, which was filed by the to the Orangeburg County Clerk on December 8, 2017. (Dkt. Nos. 18-8; 18-9.)

Petitioner, proceeding *pro se*, filed this Petition under 28 U.S.C. § 2254. (Dkt. No. 1.)

Petitioner asserts two grounds of relief: ineffective assistance of counsel for a failure to adequately

investigate the case, and an involuntary guilty plea. (Dkt. No. 1 at 5 – 9.) Both turn on the same

facts, as Petitioner alleged that his attorney failed to fully investigate the incident, and, among

other things that he did not know about a relevant investigative report at the time of his plea and

that the sentencing judge did not go over Petitioner's mental health history or knowledge of the

maximum sentence he could receive at the plea hearing.[1] (*Id.* at 6.) Respondent moved for

summary judgment. (Dkt. Nos. 18, 19.) March 14, 2019, the Magistrate Judge recommended the

petition be dismissed as time-barred under 28 U.S.C. § 2244(d). Petitioner did not file objections.

## II. Legal Standard

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development

of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404

U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore

a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v.*

*Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive

weight. The responsibility to make a final determination remains with the Court. *See Mathews v.*

*Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in

---

[1] The transcript of the Petitioner's guilty plea could not be produced as a cassette with the record could not be located. (Dkt. No. 18-2.)

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Petitioner did not file objections, and the R & R is reviewed for clear error.

## III.    Discussion

A habeas petition must be filed within one year of the latest of several dates given by statute. 28 U.S.C. § 2244(d)(1). The most common triggering date is the denial of Petitioner's direct appeal to the state court of last resort. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period accrues on the day following the date of state court of last resort's decision, not the date of issuance of its mandate or remittitur. *Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012). Under South Carolina law, the time for pursuing direct review in the Supreme Court of South Carolina expires fifteen days after the filing of the Court of Appeals' decision. *See* S.C. App. Ct. R. 221(a); 242(c). Therefore, Petitioner's one-year statute of limitations began to run on December 8, 2011, fifteen days after the Court of Appeals dismissed his direct appeal on November 23, 2011.

However, the one-year limitations period is tolled during the pendency of PCR proceedings. 28 U.S.C. § 2244(d)(2). The PCR tolling period begins when an initial PCR application is properly filed in state court. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It includes the time during which the denial of the PCR application is on appeal within state courts, including the time between the PCR court's denial of the application and the filing of a timely notice of appeal. *Evans v. Chavis*, 546 U.S. 189, 191, 198, 201 (2006). But it does not include certiorari review by the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). The tolling

period ends when the final state appellate decision affirming denial of the application is filed in the state circuit court. *Beatty v. Rawski*, 97 F. Supp. 3d 768, 780 (D.S.C. 2015).

The Magistrate Judge correctly calculated that the statute of limitations ran for 201 days following Petitioner's direct appeal of his conviction, from December 8, 2011 until he filed his PCR application on June 26, 2012, leaving 164 days in his limitations period. The tolling period then ended on December 8, 2017, following the filing of the remittitur from the denial of certiorari regarding Petitioner's PCR application in the Orangeburg County Clerk's office. Accordingly, the statute of limitations expired 164 days later on May 21, 2018. Therefore, the present petition, filed on October 16, 2018, is 148 days late.

While the Petitioner does not argue that he is entitled to equitable tolling, for the sake of completeness, the Magistrate Judge appropriately analyzed whether equitable tolling applies here. The statute of limitations for habeas petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The limitations period should be equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562. As the Magistrate Judge correctly noted, the Fourth Circuit is clear that equitable tolling is only appropriate in limited circumstances, namely where a petitioner shows: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Here, the Magistrate Judge correctly found that the Petitioner failed to meet this test, and Petitioner's Petition is subject to dismissal for being untimely by 148 days and therefore time-barred.

Finally, the Petitioner, in his Response to Respondent's motion, does not address Respondent's arguments but instead seeks to amend his Petition by adding two additional grounds.

(Dkt. No. 22.) The Magistrate Judge correctly concluded that, as the Petition is time barred, the amendment would be futile and prejudicial. *See Hazel v. Pate*, No. CV 8:14-4435-TMC, 2015 WL 9305665, at *1 (D.S.C. Dec. 21, 2015) ("Petitioner's motion to amend the Petition…is DENIED as futile because the Petition is time barred.").

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 25), **GRANTS** Respondent's motion for summary judgment (Dkt. No. 19) and **DISMISSES** the petition for habeas relief (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that the Petition is time-barred. Therefore, a certificate of appealability is **DENIED**.

   **AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 2 3 2019
Charleston, South Carolina